UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVO DEVELOPMENT GROUP, INC., | No. 2:19-cv-00224-TLN-DB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |
| TRINITY MEDICAL, INC.; TRINITY MEDICAL S.C.; ENRIQUE GAZA REYES, JR.; and SUZETTE REYES, | |
| Defendants. | |

      This matter is before the Court pursuant to Krogh & Decker, LLP's ("Krogh & Decker") unopposed Motion for Leave to Withdraw as Counsel for Plaintiff Bravo Development Group, Inc. ("Plaintiff"). (ECF No. 11.) For the reasons set forth below, the Court GRANTS the motion.

      Plaintiff engaged Krogh & Decker to represent it in the instant trademark infringement suit, which alleges claims for (1) violation of 15 U.S.C. § 1114, (2) violation of 15 U.S.C. § 1125(a), (3) violation of 15 U.S.C. § 1125(c), (4) defamation, and (5) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200–17210). (ECF No. 1 at 5–8; ECF No. 11-1 at 1.) Krogh & Decker maintains that "there has been a breakdown in the attorney-client relationship to the point where Krogh & Decker cannot appropriately represent the interests of Plaintiff." (ECF No. 11 at 1.) Krogh & Decker seeks withdrawal for "professional considerations." (ECF No. 11-1 at 2.) Krogh & Decker states that if the Court needs more

information on the breakdown of the relationship, then it requests an in-camera discussion to "detail such issues which are privileged and confidential." (*Id.* at 3.)

Pursuant to the Eastern District of California's Local Rules, an attorney who has appeared before the Court may not withdraw and leave the client *in propria persona* "without leave of court upon noticed motion and notice to client and all other parties who have appeared." E.D. Cal. L.R. 182(d). The attorney must also provide an affidavit with the current or last known address of the client and his or her efforts to notify the client of the motion to withdraw. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

The California Rules of Professional Conduct govern and set the requirements for withdrawal of attorneys. Rule 3-700(A) provides that an attorney shall not withdraw from employment in a proceeding unless (1) he or she requests permission from the tribunal to withdraw and (2) he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. R. Prof. Conduct 3-700(A). Attorneys cannot request a withdrawal unless the client "by other conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C).

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See*, *e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Here, Krogh & Decker has provided an affidavit with the current or last known address of Plaintiff, as well as its proof of service to notify Plaintiff of the motion to withdraw. (*See* ECF Nos. 11-4, 12). As previously mentioned, Krogh & Decker moves to withdraw due to a

1 breakdown in the attorney-client relationship, which is grounds for withdrawal pursuant to Cal. R.
2 Prof. Conduct 3-700(C).  (ECF No. 11-1 at 2.)  Although Krogh & Decker does not provide more
3 details due to attorney-client privilege, the Court has no reason to disbelieve counsel's assertion.
4 Further, the Court agrees with Krogh & Decker that withdrawal will not "harm the administration
5 of justice" or "delay resolution of the case." (*Id.*)  Krogh & Decker asserts that the "matter has
6 been delayed for several months." (*Id.* at 1.)  Ryan C. Wright, an attorney for Krogh & Decker,
7 submitted a declaration stating that "Plaintiff has been unable to serve the defendants who[] are
8 presumed to be in Mexico and who[] have provided a false business address to the California
9 Secretary of State," and Plaintiff must approve further "investigative action."  (ECF No. 11-2 at
10 2.)  The domestic Defendants were found to be non-existent entities that do not have a physical
11 address or agent for service of process.  (ECF No. 11-1 at 1.)  Lastly, Krogh & Decker maintains
12 — and the Court agrees — that Plaintiff will not be prejudiced by withdrawal because "this
13 matter is in its preliminary stages and without progress since the filing of the Complaint." (*Id.*)
14 Given the foregoing, and the fact that the motion is unopposed, the Court finds that there is
15 minimal "prejudice to the client, prejudice to other litigants, harm to the administration of justice,
16 and possible delay." *See, e.g., Deal*, 2010 WL 3702459, at *2; *CE Res., Inc.*, 2009 WL 3367489,
17 at *2; *Beard*, 2008 WL 410694, at *2.

18    Accordingly, the Court hereby GRANTS Krogh & Decker's Motion to Withdraw.  (ECF
19 No. 11.)  The Clerk of the Court is directed to serve Plaintiff with a copy of this Order at 8672
20 Brahma Way, Elk Grove, California 95624.  Additionally, Local Rule 183(a) states "[a]
21 corporation or other entity may appear only by an attorney."  As such, Plaintiff is barred from
22 appearing *in propria persona*.  Plaintiff has sixty (60) days from the entry of this Order to acquire
23 new representation and file a notice of appearance by new counsel.  The parties shall file a joint
24 status report within thirty (30) days of the filing of new counsel's notice of appearance, proposing
25 new dates and deadlines moving forward.

26    IT IS SO ORDERED.
27 DATED:  November 6, 2020
28

Troy L. Nunley
United States District Judge